UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Access Group, Inc.

    v.                              Civil No. 06-cv-275-JD

Daniel C. Frederico


O R D E R

On February 24, 2006, Access Group, Inc., commenced an action against Daniel Frederico in Rochester, New Hampshire, district court by serving him with a summons alleging that he had defaulted on an Access Group student loan. In a subsequent petition to the state court, Access Group requested permission to attach $8,665.90 of Frederico's assets. Frederico filed a motion to dismiss, asserting that Access Group's lawsuit was time-barred and that the state court lacked jurisdiction to hear the case. Following a hearing on April 24, the state court denied the motion to dismiss and granted the petition to attach. On July 25, Frederico, acting pro se,[1] filed a notice of removal asserting federal question jurisdiction. See 28 U.S.C. § 1331. Access Group now moves to remand to the state court, arguing that Frederico's notice of removal was untimely and fails to specify

---

[1] Frederico is himself a lawyer practicing in Massachusetts. The student loan at issue in this case was obtained to finance Frederico's law school education.

any "federal question" for this court.  Access Group also moves to strike the answer and counterclaim Frederico filed with this court, and requests an award of the attorney fees and costs incurred as a result of the removal of this case.

A defendant may remove a state court civil action to a federal court, sitting in the district and division embracing the place where the state action is pending, so long as the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  In cases where diversity of citizenship jurisdiction is lacking, a defendant may remove if one of the plaintiff's claims arises under federal law.  Id. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); id. § 1441(b) (providing that state cases involving a federal question may be removed to federal court).  A case arises under federal law if the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); Roselló-Gonzáles v. Calderón-Serra, 398 F.3d 1, 10-11 (1st Cir. 2004).

2

To remove such a proceeding, the defendant must file a notice of removal within 30 days of receiving the initial pleading setting forth the federal cause of action.  28 U.S.C. § 1446(b).  If the initial pleading does not allege a removable cause of action, the defendant may file a notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id.; see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996) ("In a case not originally removable, a defendant who receives a pleading or other paper indicating the post commencement satisfaction of federal jurisdictional requirements . . . may remove the case to federal court within 30 days of receiving such information.").

The obvious federal issue in this case is the question of whether Frederico's debt was discharged in bankruptcy proceedings.  According to an affidavit filed by Frederico, a bankruptcy court in Chapter 7 proceedings granted him a full discharge of his debts in 2001.  Access Group had anticipated this defense.  In its state court summons, Access Group asserted that Frederico had failed to file a dischargeability complaint with the bankruptcy court with respect to the Access Group loan, and, in any event, that the Access Group loan is a non-

dischargeable debt.  See O'Brien v. First Marblehead Educ. Res., 419 F.3d 104, 106 (2d Cir. 2005) (holding that student loan was non-dischargeable because it was funded in part by a governmental or non-profit institution).  Had Frederico timely filed a notice of removal upon service of the summons, he could have argued that, although Access Group did not directly allege a cause of action "arising under" federal law, Access Group's right to relief turns on the resolution of a substantial question of federal law -- the dischargeability of Frederico's debt under bankruptcy law.  See Roselló-Gonzáles, 398 F.3d at 10-13; Templeton Bd. of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc., 352 F.3d 33, 36 (1st Cir. 2003).[2]  But, because Frederico's notice of removal was filed five months after he received the summons, which explicitly put him on notice of the federal issue, that argument is no longer available.

Frederico attempts to maneuver around the lateness of his notice of removal by claiming that he was unaware of any federal question until he was served with the promissory note from which Access Group's lawsuit arises.  He claims that the federal

---

[2]Because it is unnecessary to the resolution of this case, the court takes no position as to whether Frederico would ultimately have been entitled to a federal forum for consideration of the bankruptcy issue had the issue been raised in a timely notice of removal.

4

question springs, not from the bankruptcy issue, but from the terms of the promissory note itself, providing that "the provisions of this promissory note will be governed by federal laws and the laws of the state of Ohio." He claims that his notice of removal was timely because he was not served with the promissory note until June 25, 2006.

Frederico's argument is frivolous as a matter of both fact and law. As a factual matter, Frederico himself, at the April 24 hearing, cited the promissory note's choice-of-law provision in support of his argument that the state court lacked jurisdiction. Thus, Frederico possessed the promissory note, and was aware of its choice-of-law provision, well before June 25.

Frederico attempts to blunt the force of this logic by arguing that his possession of the promissory note at the April 24 hearing should not be considered a receipt of "other paper," triggering the 30-day removal clock. See 28 U.S.C. § 1446(b). He argues that, at that time, the promissory note was merely Access Group's unsworn exhibit. The case did not become removable, he contends, until he was formally served with Access Group's request for admissions and answers to interrogatories, both of which attached the promissory note.

Although federal courts have found a wide variety of material to constitute "other paper" for the purposes of §

1446(b), see Parker v. County of Oxford, 224 F. Supp. 2d 292, 294 (D. Me. 2002) (collecting examples, including, inter alia, affidavits, correspondence between parties, answers to interrogatories, and documents produced in discovery), the case law does not reveal a categorical bright-line rule. Compare, e.g., Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078-79 (10th Cir. 1999) (plaintiff's "voluntary and unequivocal" deposition testimony constituted "other paper"), with Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974-75 (9th Cir. 1993) (plaintiff's "speculative" deposition answers did not). See also 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3732 at 300 (3d ed. 1998) ("[T]he courts are not always consistent in their treatment of Section 1446(b)."). But the critical question in any case is whether the material, voluntarily produced by the plaintiff, unequivocally establishes federal jurisdiction. See Huffman, 194 F.3d at 1078.

Here, if the court were to accept Frederico's legal premise for federal jurisdiction, which, as explained below, it does not, the promissory note itself would be conclusive. The aim of the removal statute is to make certain "that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists." Id. (quoting Wright, supra at 306). The record

6

here demonstrates that Frederico had "ascertained" his theory for federal jurisdiction no later than the April 24 hearing. 28 U.S.C. § 1446(b) (providing that the defendant's receipt can be accomplished "through service or otherwise"). Thus, his notice of removal was untimely.

Moreover, as a legal matter, while the promissory note's choice-of-law provision refers to federal law, neither the note, nor Frederico's opposition papers, point to any specific federal law or right that requires this court's consideration. See Templeton, 352 F.3d at 37 ("[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). The right to a federal forum cannot be created contractually by a choice-of-law provision, cf. Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc., 935 F.2d 1501, 1504-05 (7th Cir. 1991), and principles of federalism prevent this court from interfering in a state proceeding concerning a cause of action traditionally governed by state law. See Merrell Dow, 478 U.S. at 810-11. The defendant seeking removal bears the burden of establishing federal jurisdiction. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Frederico has failed to do so here.

Although Access Group styles its request for attorney fees

and costs as a Rule 11 motion for sanctions, see Fed. R. Civ. P. 11, the removal statute also includes a fee-shifting provision. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) ("[C]ourts may award attorney's fees under § 1447(c) . . . where the removing party lacked an objectively reasonable basis for seeking removal."). In light of the court's finding that Frederico's notice of removal was frivolously filed, Access Group is entitled to collect the attorney fees and costs incurred as a result of the removal. See Martin, 126 S. Ct. at 711. To pursue those expenses, Access Group must file a request for costs and fees within twenty days of the date of this order in accordance with Local Rule 54.1. Frederico will then have an opportunity to object. See Local Rule 54.1(c).

Because we grant Access Group's motion to remand, the motion to strike is moot.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 5) is granted, and the plaintiff's motion to strike (document no. 9) is denied as moot. The plaintiff's motion for

sanctions under Fed. R. Civ. P. 11 (document no. 16) is treated as a motion for attorney fees and costs under 28 U.S.C. § 1447(c), and is granted, provided that Access Group shall file a full accounting of its fees and costs within twenty days of the date of this order. Remand is stayed pending a resolution of the court's order on fees and costs.

    SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 5, 2006

cc:  Daniel C. Federico, Esquire
     Daniel C. Proctor, Esquire