UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Access Group, Inc.

     v.                            No. 06-cv-275-JD
                                 Opinion No. 2006 DNH 131
Daniel C. Federico


O R D E R


On October 5, 2006, the court issued an order (document no. 20) granting plaintiff Access Group's motion to remand and motion for attorney fees and costs under 28 U.S.C. § 1447(c).  Now before the court are Access Group's accounting of the fees and costs incurred as a result of removal and defendant Daniel Frederico's objection.  Access Group requests a total of $3,840 for attorney fees and $67.50 for expenses.

When, as here, the removing party lacks "an objectively reasonable basis for seeking removal," § 1447(c) provides that an "order remanding [the] case to state court 'may require payment of just costs and any actual expenses including attorney fees, incurred as a result of removal.'"  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 707, 711 (2005) (quoting § 1447(c)).  In calculating such an award, the court shall employ the lodestar methodology.  See Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1134 (10th Cir. 2001) (holding that district courts should "ensure that an award of attorneys' fees pursuant to § 1447(c) is

reasonable"); <u>Albion Pac. Prop. Res., LLC v. Seligman</u>, 329 F.
Supp. 2d 1163, 1166-73 (N.D. Cal. 2004) (employing the lodestar
approach in awarding attorney fees under § 1447(c)).

Under the lodestar approach, the court "must determine 'the
number of hours reasonably expended on the litigation multiplied
by a reasonable hourly rate.'" <u>Gay Officers Action League v.
Puerto Rico</u>, 247 F.3d 288, 295 (1st Cir. 2001) (quoting <u>Hensley
v. Eckherhart</u>, 461 U.S. 424, 433 (1983)).  The movant bears the
burden of establishing the reasonableness of the claimed hourly
rates and hours billed.  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11
(1984).  After the lodestar is calculated, the court may, in
exceptional cases, make further adjustments to the award
depending on a number of factors.  <u>Pennsylvania v. Del. Valley
Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986).

Access Group's attorney, Daniel C. Proctor, claims an hourly
rate of $200, which he states is his customary rate for
commercial collection work.  Frederico correctly points out that
Proctor has not established that this rate is in line with the
local market rate for such work.  <u>See</u> <u>Andrade v. Jamestown Hous.
Auth.</u>, 82 F.3d 1179, 1190 (1st Cir. 1996).  Nevertheless, rather
than deny Proctor's request outright or require him to supplement
his filings, the court will rely on its own understanding of the
prevailing local rates.  <u>See</u> <u>Hensley</u>, 461 U.S. at 437 ("A request

2

for attorney's fees should not result in a second major litigation."); Andrade, 82 F.3d at 1190 ("[T]he court is entitled to rely upon its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable hourly rate.").

The court finds Proctor's claimed rate slightly inflated. Proctor, who graduated from law school in 1988, has been practicing before this court for approximately seventeen years. On the basis of his fee application, it appears that Proctor operates a general practice one-attorney firm in Concord, New Hampshire.  According to "The 2000 Desktop Reference on The Economics of Law Practice in New Hampshire," published by The New Hampshire Bar Association, the median hourly rate for such a practitioner falls between $136 and $150.  See Silva v. Nat'l Telewire Corp., No. 99-219, 2001 WL 1609387, at *3 (D.N.H. 2001) (citing The 2000 Desktop Reference and finding that $150 was a reasonable hourly rate for a Merrimack County litigator with seventeen years experience).  To reflect the passage of time since publication of The 2000 Desktop Reference, the court will adjust the median hourly rate to $180.  Such a rate provides reasonable compensation for the nature of the work involved in this relatively straight forward debt collection case.  Cf. Bryan M. v. Litchfield Sch. Dist., No. 04-246, 2005 WL 3287478, *6 (D.N.H. 2005) (setting an hourly rate of $200 for an attorney

with comparable experience in a more complex case brought under
the Individuals with Disabilities Education Act).

Frederico also objects to the time Proctor billed for
requesting the attorney fees and for the performance of non-core
legal work.  Frederico is correct that courts ordinarily
compensate the time spent compiling a fee application at a
reduced "non-core" rate.  See Brewster v. Dukakis, 3 F.3d 488,
492-94 (1st Cir. 1993).  The court finds that a reduced hourly
rate of $140 is reasonable compensation for the time Proctor
spent on non-core work, including the preparation of the fee
application.  Cf. id. (affirming the district court's hourly
rates of $120 for core and $80 for non-core legal work).  The
court further finds that the clerical or non-lawyer work
performed by Proctor is properly credited at a rate of $75 per
hour.

As to the billing record itself, the court rejects
Frederico's contention that Proctor failed to satisfy the
requirement to present a contemporaneous time record of the hours
and tasks billed.  Fee applicants are not required to submit the
original time sheets; reasonably detailed compilations that
attest to the nature of the work done, the dates on which it was
done, who did it, and for how long, can be sufficient to meet the
applicant's burden.  See Gay Officers Action League, 247 F.3d at

4

297.  Proctor's properly verified submission provides sufficient detail for the court to discern the reasonableness of his claims.

Frederico next argues that the court should not allow fees for the time Proctor spent drafting his motion for remand or his motion for sanctions.  Because "none of the arguments or cases cited by [Proctor]" were cited by the court in its remand order, Frederico argues Access Group's success in winning a remand was not attributable to Proctor.  See id. at 296 (noting, in a 42 U.S.C. § 1988 fee-shifting case, that the "degree of success is critical in determining the amount of a fee award").

First, Proctor did succeed in winning a remand to state court.  Second, although the court did not adopt Proctor's arguments verbatim, it is not fair to portray his work product as unavailing.  Third, and more fundamentally, § 1447(c)'s fee-shifting provision, unlike other fee-shifting statutes such as § 1988, is aimed at deterring behavior (i.e., the filing of frivolous or vexatious removals, see Martin, 126 S. Ct. at 711), rather than encouraging behavior (e.g., the vindicating of constitutional rights, see Gay Officers Action League, 247 F.3d at 295).  It is a punitive provision that focuses on the party seeking removal, not the party opposing it.  Therefore, to the extent that Proctor's efforts to oppose the removal were reasonable, the degree of success of his specific arguments is not important.

5

Frederico also argues that Access Group should not be awarded fees for the time Proctor spent in reviewing and responding to the Answer and Counterclaim Frederico filed with this court.  Frederico argues that Proctor's motion to strike those pleadings was never ruled on by this court nor did the court rely on it in ordering a remand.  Frederico again misunderstands the purpose of the fee-shifting provision -- to require the removing party to reimburse the opposing party for the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (emphasis added).  Before Frederico removed the case to federal court, the parties had already begun litigating the pleadings. But for Frederico's frivolous removal, Access Group would not have been required to respond to the largely duplicative pleadings filed with this court.

Bringing it all together, the court determines that Proctor's hourly rate for core legal work is $180.  He is entitled to receive that rate for all of his entries, except those outlined below.  He is entitled to the clerical hourly rate of $75 for filing the motion to remand on August 3, 2006, and for requesting a transcript from the Rochester District Court on August 17.  He is entitled to the "non-core" hourly rate of $140 for the remainder of the work performed on August 3, for the client status call on August 22, and for all the work he

6

performed from September 12, 2006 onward.  The court accordingly
finds that the lodestar for attorney fees is $3,165.  The court
also finds justified Access Group's request for $67.50 for the
cost of providing the court with a transcript of a hearing held
before the state court.  The resulting total of fees and costs,
$3,232.50, represents a just and reasonable award serving the
purposes of § 1447(c) and no further adjustments are necessary.

<u>Conclusion</u>

Plaintiff's request for attorney fees and costs (document
nos. 24 and 26) is granted with the reductions specified in this
order.  Defendant is ordered to pay Plaintiff the amount of
$3,232.50.  The clerk shall remand the case to the district court
in Rochester, New Hampshire.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 21, 2006

cc: Daniel C. Federico, Esquire
    Daniel C. Proctor, Esquire